**Wilbur P. HOLLAR and Ruth Carol Hollar, Plaintiffs/Appellants,**

v.

**UNITED STATES of America, Defendant/Appellee.**

No. 2:95CV00446.

United States District Court, M.D. North Carolina, Greensboro Division.

Aug. 22, 1995.

Wilbur P. Hollar, Kernersville, NC, pro se.

Thomas Holderness, Lawrence P. Blaskopf, Washington, DC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

■ This case comes to this Court on appeal from the Bankruptcy Court. The Plaintiffs appeal Bankruptcy Judge Stocks' April 28, 1995 order (Adversary Proceeding Number 93–2087) in which he ordered that the United States' motion to dismiss Count II of Plaintiffs' complaint be granted, that the United States' motion for summary judgment on Count III of Plaintiffs' complaint be granted, and that Plaintiffs' motion for summary judgment be denied. The facts and legal arguments in this case are adequately presented in the briefs and record, and the decisional process would not be aided significantly by oral argument. Accordingly, no oral arguments will be had on this appeal. *See* Fed.Bankr.R. 8012.

### I.

The Hollars filed an adversary proceeding against the United States, the Internal Revenue Service (IRS), and several individual IRS agents on May 25, 1993. Count I of the four count complaint was dismissed earlier. Count IV was dismissed, and on August 8, 1994, this Court affirmed the dismissal. The Bankruptcy Court also dismissed Count II, but in an order entered August 8, 1994, this Court vacated the order and remanded for a determination of whether Plaintiffs had standing to proceed with Count II. On April 28, 1994, the Bankruptcy Court determined that Plaintiffs lacked standing to assert Count II and dismissed that count. Additionally, the Bankruptcy Court granted the United States' motion for summary judgment on Count III of the complaint.

### II.

Count II of the Hollars' complaint concerns a vacant lot on Round Hill Circle in Kernersville, North Carolina, known as Lot 4 in Kynwood Subdivision ("Lot 4"). Lot 4 is adjacent to Lot 3 in Kynwood Subdivision which is the lot on which the Hollars' house

is located. On December 10, 1992, Lot 4 was sold at a tax foreclosure sale conducted by the IRS to William and Linda Myers. The Hollars seek to set this sale aside pursuant to 11 U.S.C. § 548(a)(2) as a fraudulent transfer. As discussed in this Court's August 8, 1994 opinion and the Bankruptcy Court opinion, the Hollars as Chapter 13 debtors,[1] could only invoke the avoidance powers of § 548(a)(2) through application of 11 U.S.C. § 522(h). Thus, the Hollars have standing to challenge the sale of Lot 4 only if they meet the elements of § 522(h).

■ A debtor may avoid a prepetition transfer of property under § 522(h) only if he could have exempted the property under 11 U.S.C. § 522(g)(1) had the trustee avoided the transfer. Section 522(g)(1), in turn, refers to 11 U.S.C. § 522(b). Since North Carolina has opted out of the Bankruptcy Code's exemption scheme as permitted by 11 U.S.C. § 522(b), North Carolina law governs the determination of the extent of the Hollars' exemptions. 11 U.S.C. § 522(b)(1); N.C.Gen.Stat. § 1C–1601(f). Thus, the Hollars have standing to challenge the sale of Lot 4 only if they could have exempted the property under North Carolina's exemption provisions.

■ North. Carolina allows each individual debtor to exempt his aggregate interest up to ten thousand dollars in real or personal property that the debtor uses as a residence. N.C.Gen.Stat. § 1C–1601(a)(1). For the purposes of this opinion, it will be assumed that the Hollars' residence included Lot 3 and Lot 4. Additionally, it will be assumed that the Hollars' beneficial interest in the property which is legally held by a trust suffices for the purposes of section 1C–1601. The Hollars are each entitled to exempt ten thousand dollars worth of their interest in the property; the exemptions will be added together for a total of twenty thousand dollars.

According to the schedules filed by the Hollars in Bankruptcy Court, Lot 3 has a fair market value of $128,600.00 and was encumbered by two mortgages totalling $87,860.00,

leaving equity, prior to the assessment of any tax liens, of $40,740.00. Similarly, according to the schedules filed, Lot 4 has a fair market value of $18,700.00 and is not encumbered by any mortgages. Thus, prior to the assessment of any tax liens, the Hollars' equity in Lots 3 and 4 was equal to $59,440.00.

The IRS has assessed the Hollars for $15,-641.10 for unpaid tax liabilities. By virtue of this assessment and at the time of assessment, a lien arose upon all of the Hollars' property, real and personal. 26 U.S.C. §§ 6321, 6322. Additionally, the IRS has filed a claim with the bankruptcy estate for $30,000, representing an estimate of the Hollars' tax liabilities for 1989 and 1990. This amount has not been assessed against the Hollars, and consequently no lien has arisen with regard to the $30,000 claim.

The Hollars assert that the $15,641.10 lien and the $30,000 claim encumber Lots 3 and 4 and that consequently the Hollars' interest is reduced to $13,798.90. For the purposes of this opinion only, the Court will assume that the tax lien in the amount of $15,641.10 reduces the Hollars' interest in the Lots. If the Hollars were to attempt to sell the Lots outside bankruptcy, the tax lien would have to be satisfied out of the proceeds. However, the $30,000 claim is of quite a different character. It has not been assessed, and hence, no lien has arisen. Had the Hollars sold Lots 3 and 4 prior to the bankruptcy, the IRS would have had to bring a judicial proceeding to reach the proceeds. Simple claims by creditors, even the IRS, without a lien, do not act to reduce a debtors' interest in property. At the time of the sale of Lot 4, the Hollars' interest in the Lots had a value of $43,798.90.

■ The Hollars were entitled to an exemption of their interest up to $20,000 in Lots 3 and 4. However, their interest in the Lots was valued at $43,798.90. Under North Carolina law, if a debtor's interest in property exceeds the amount of the available exemption, the property will be sold, and the debtor will receive from the proceeds an amount equal to the exemption. *See*

---

1. On August 10, 1994, the Bankruptcy Court granted the Hollars' motion for voluntary con-

version to Chapter 7.

N.C.Gen.Stat. § 1C–1603(e)(10). The Hollars could not, by virtue of their exemptions, protect their entire interest in Lots 3 and 4. The Hollars have not exhibited any intention to protect Lot 4 at the expense of losing Lot 3, the lot on which their house rests.[2] Without sacrificing Lot 3, the Hollars could not have exempted Lot 4 from sale. Consequently, as discussed above, they have no standing to challenge the sale of Lot 4.

In the alternative it should be noted that in a Memorandum Order issued in 2:95CV00366, this Court affirmed Judge Stocks' order entered March 21, 1995 which addressed a related adversary proceeding. The Hollars had sued the Myers attempting to set aside the sale of Lot 4 as a fraudulent conveyance. Judge Stocks granted the Myers summary judgment, finding that Lot 4 had been sold for a reasonably equivalent value. This finding would prevent the Hollars from using the avoidance powers of 11 U.S.C. § 548(a)(2). The Bankruptcy Court's order granting the United States summary judgment on Count II of Adversary Proceeding Number 93–2087 is AFFIRMED.

### III.

Count III of the Hollars' complaint in Adversary Proceeding Number 93–2087 seeks a declaration that the Hollars' federal income taxes for 1989 and 1990 are dischargeable in bankruptcy. This Court adopts the rationale stated in part III of Judge Stocks' opinion. Accordingly, the order granting the United States' motion for summary judgment on Count III and denying the Hollars' cross motion for summary judgment is AFFIRMED.

### JUDGMENT

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith,

IT IS ORDERED that Bankruptcy Court order (Bankruptcy Case Number 93–11389) entered April 28, 1995 dismissing Count II in Adversary Proceeding Number 93–2087 and granting summary judgment for the United States on Count III is, in all respects, AFFIRMED.

---

2. In their schedules filed with the Bankruptcy Court, the Hollars referred to Lot 3 as their "residence" and Lot 4 as a "vacant lot."